Wright, J.
Barney Conner was indicted for selling intoxicating liquors. His counsel moved the court to quash the third, fourth, fifth, and sixth counts in the indictment.
The third count charges that Conner sold to one James Cahill intoxicating liquors, “ said Cahill being then and there a person intoxicated, and in the habit of getting intoxicated, and he, the said Barney Conner, then and there well knowing that he, the said Cahill, was then and there intoxicated, and was a person then and there in the habit of getting intoxicated, contrary, etc.”
The fourth, fifth, and sixth counts are entirely similai, only they charge the liquor as having been sold to different-persons.
The ground of the motion to quash is thus stated : That the counts in question charge two distinct and independent offenses, that is. the offense of selling to a person intoxicated,, and also of selling to the same person, he being in the habit of getting intoxicated. The court of common pleas sustained the motion, and quashed these counts for duplicity, to which the prosecuting attorney took the proper exceptions-for bringing the question before the supreme court.
The language of the statute is that it shall be unlawful to sell intoxicating liquors “to persons intoxicated, or who are in the habit of getting intoxicated.” The point to be decided is this: Is a count bad for duplicity which charges that the liquor was sold to one who was intoxicated and was -in the habit of getting intoxicated.
It appears to have been claimed in the court below that selling liquor to a person intoxicated was one offense, and that the same sale to that person, he being a person in the habit of getting intoxicated, was another, and that by joining the two in a single count, two separate and distinct crimes were charged. We can not so regard it. The offense is but a single one. There is but one sale of liquor, and but one person to whom it is sold. The fact that such person represents two characters, under the statute, does not make the offense double. The indictment may be sustained, by proving, either that the liquor was sold to one *407 intoxicated, or by proving that it was sold to one in the-habit of getting intoxicated, or by proving both of these-elements.
Manifestly, if there are two distinct and separate offenses, a defendant might be convicted on proof of selling to one intoxicated. Then he might be convicted for selling, at the same time, to the same person, because that person was in the habit of getting intoxicated. Thus would result two convictions for precisely the same unlawful act.
The court therefore erred in quashing these counts.
The view we have taken is sustained by the authorities. As we have said, the statute makes the unlawful act consist in selling to one intoxicated, “ or” in the habit of getting intoxicated, with knowledge. It is universally laid down, that where the offense is thus marked by the disjunctive “or” the indictment may well charge by substituting “ and.”
Bishop on Statutory Crimes, speaking of alternative crimes, says, sec. 383 : “ If an indictment is to be drawn on a statute in alternative clauses, the pleader, as a general rule, . . . may elect to charge no more than constitutes an offense within one clause, or he may proceed upon two clauses, or three, or all, as he deems best, and all in a single count; employing the conjunctive and, when the statute has the disjunctive “ or.” See also sees. 521, 759. State v. Batson, 31 Miss. 343 ; 1 Bishop Criminal Proceedings, sec. 436, and note 3; 1 Wharton Criminal Law, sec. 390.
Our statute as to counterfeiting is : “If any person shall falsely make, alter, forge, or counterfeit.” An indictment, alleging the uttering of a “ false, forged, and counterfeited bank note,” is held to be good. Mackey v. State, 3 Ohio St. 363 ; Stoughton & Hudson’s case, 2 Ohio St. 563.
The exceptions of the prosecuting attorney, therefore, upon this point are sustained.
The second point, raised in the bill of exceptions is as follows :
The first and second counts of the indictment charge a sale of liquor, upon different days, to one James Cahill, to *408 be drank upon the premises where sold, being an offense against the first section of the statute.
The seventh count charges that Barney Conner was the keeper of a room of public resort, where liquors were sold, in violation of the act, to the common nuisance of the people, etc., being an offense under the fourth section of the act. Upon the trial, in support of the seventh count, the prosecuting attorney offered evidence to show that Barney Conner had sold liquor, not only to James Cahill, but also to others than James Cahill, all of whom were intoxicated, and were persons in the habit of getting intoxicated, Conner knowing these facts. This testimony was objected to by counsel for Conner, and ruled out by the court. To this ruling the prosecuting attorney took exceptions.
We are not advised as to the ground of the action of the ■court below. No brief is filed, and no reasons assigned for such action; nor is it indicated to us wherein the evidence is objectionable. From what is said in the brief of the prosecuting attorney, we should infer that counsel for •defendant claimed, that in giving evidence of the violation of the act, to sustain the seventh count, the state was restricted to such violations as had already been set out in the first and second counts. The first and second counts •charge the offense to consist of selling to James Cahill, while the state offered to prove, under the seventh count, not only selling to Cahill, but to others besides.
If this indeed be the ground of objection, the objection 'is not ten.able. If it be true that in support of a count like the seventh, evidence only can be given with regard to •such offenses as have been previously charged in prior ■counts, then, if there are no such counts, no evidence at all can be given ; it would then follow that an indictment could not be sustained upon the fourth section, unless it also contained a count or counts upon the first or other sections. This is not the law, and the court erred in rejecting the testimony.

Exceptions sustained: